THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| vs. | § | CRIMINAL NO. 4:18CR232 |
| | § | |
| JOHN PURSER (1) | § | |

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S COMPETENCY TO PROCEED TO SENTENCING

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge.

On May 21, 2019, Defendant was found guilty by jury verdict of violations of 18 U.S.C. 922(g)(1), Felon in Possession of a Firearm, and 18 U.S.C. 111, Assaulting, Resisting, or Impeding Certain Officers or Employees [Dkt. 53]. Subsequent thereto, Defendant was remanded to the custody of the United States Marshals Service, pending sentencing. On September 20, 2019, Defendant's counsel filed a Motion for Psychological and/or Psychiatric Examination [Dkt. 66] seeking a psychiatric examination pursuant to 18 U.S.C. §§ 4241 at an appropriate Bureau of Prisons facility, and requesting that a psychiatric report of findings be filed with the Court consistent with 18 U.S.C. §§ 4247(b) and (c), to determine whether Defendant was competent to proceed to sentencing [Dkt. 66].

The Court granted the Motion on September 26, 2019 [Dkt. 68]. Defendant was subsequently evaluated at a Federal Bureau of Prisons facility. The Court has received the report from the Bureau of Prisons, and copies have been furnished to the Assistant United States Attorney and defense counsel [Dkt. 70, Sealed]. Dr. Dwyer's report concludes that "if the court believes that it is Mr. Purser's personality style and associated features (poor frustration tolerance, difficulty

regulating emotion, impulsivity, etc.), the court may choose to proceed with a finding of competence" [Dkt. 70 at 21]. In addition, on January 9, 2020, the Government filed, under seal, copies of Defendant's Mental Illness Assessment and Competency Evaluation Report received from Collin County, in connection with Defendant's state criminal charges [Dkt. 73]. Dr. Compton's report concludes that "[t]here is a reasonable degree of scientific certainty that Mr. Purser has an adequate understanding of his case, parties, proceedings, and can assist his attorney if he chooses to do so...it is my professional opinion that: Mr. John Wayne Purser is competent to stand trial" [Dkt. 73-2 at 7].

A competency hearing was conducted on January 21, 2020, before U.S. Magistrate Judge Christine A. Nowak. At the hearing, Defendant appeared in court with his counsel, Brian O'Shea. The report from the Bureau of Prisons, as well as the Collin County Report were admitted into evidence at hearing. Neither party objected to the admissibility of the reports detailing the results and findings of the competency evaluations; therefore, the Court admitted the reports into evidence under seal. In addition, at hearing, a witness was presented. Specifically, Dr. Dwyer was called to testify regarding his report and conclusion. No objections to his qualifications were presented by either Party. At hearing, Dr. Dwyer testified unequivocally that, in particular after his review of the Collin County Report, he believed Mr. Purser was competent to proceed to sentencing.

Defendant advised at hearing he did not wish to exercise his right to testify. Defendant was given the opportunity to present additional evidence and call further witnesses at hearing. Defendant did not offer any additional witnesses or evidence. Moreover, Defendant did not present any objections to Dr. Dwyer's opinion on competency presented at hearing. The Government also did not object to such opinion. Each of the Parties requested the court declare Defendant competent to proceed to sentencing.

The undersigned, having considered the evidence presented, concludes that Defendant is not mentally incompetent, is able to understand the nature and consequences of the proceedings against him, and is able to assist properly in his defense. Defendant has a rational and factual understanding of the proceedings against him and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. §4241(d); see also Dusky v. United States, 362 U.S. 402 (1960).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant be found competent to proceed to sentencing because he understands the nature and consequences of the proceedings against him and is able to assist in his defense.

Both Parties waived the fourteen (14) day objection period.

**SIGNED this 27th day of January, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE